# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>vs.<br><br>IGNACIO REYES-VIDRIO,<br><br>                             Defendant. | CASE NO. 13cr4190-MMA<br><br>*Related Case No. 14cv1414-MMA*<br><br>**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>[Doc. No. 29] |

On December 3, 2013, Defendant Ignacio Reyes-Vidrio pleaded guilty to a single count Information charging him with illegal reentry into the United States after a previous deportation, in violation of Title 8 of the United States Code, section 1326(a) and (b). *See* Doc. No. 16. The Court sentenced Defendant on January 14, 2014 to eighteen months imprisonment and three years of supervised release. *See* Doc. No. 28. Defendant now moves to vacate his conviction pursuant to Title 28, section 2255, arguing that he anticipates applying for United States citizenship, which if granted, will require correction of his conviction and sentence. For the reasons set forth below, the Court summarily **DISMISSES** the motion.

## DISCUSSION

Title 28 of the United States Code, section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the court summarily may dismiss the motion without sending it to the United States

Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding section 2255 proceedings similarly state that the court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . .". RULE 4(A), RULES-SECTION 2255 PROCEEDINGS (West 2009).[1] Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

As an initial matter, in his plea agreement, Defendant waived his right to collaterally attack his conviction and sentence. A defendant may waive the right to seek collateral relief. *See United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir. 1993), cert. denied, 508 U.S. 979 (1993). The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). However, a plea agreement does not waive the right to seek collateral relief unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Here, Defendant's plea agreement provides as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the

---

[1] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a petitioner must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed herein, Defendant has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

*Plea Agreement*, 11. The Court imposed a custodial sentence below the low end of the guideline range recommended by the government at sentencing, and Defendant does not challenge the effectiveness of his counsel. Defendant's waiver is valid and enforceable. Therefore, the instant motion is barred and subject to summary dismissal on this basis.

Even if Defendant had not waived his right to collaterally attack his conviction, his motion would fail on the merits. Defendant asserts that he has learned of a federal law that allows him to apply for United States citizenship. Defendant states that he would like to apply for citizenship, and as a citizen, his conviction and sentence for illegal reentry would need to be "corrected." *Motion*, 4. This conclusory statement comprises the whole of Defendant's ground for relief. Conclusory allegations unsupported by specific statements of fact or references to the record "do not warrant habeas relief." *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995), quoting *James v. Borg*, 24 F.3d 20, 25 (9th Cir. 1994). Furthermore, any future adjustment to Defendant's immigration status would not retroactively void the conviction in this case.

## CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Defendant's motion. The Court **DECLINES** to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

**IT IS SO ORDERED**.

DATED: June 11, 2014

Hon. Michael M. Anello
United States District Judge